FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 22 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**THOMAS WILLER**                                                             **PLAINTIFF**

vs.                               No. 4:17-cv-408- SWW

**ARKANSAS COUNTY CO-OP**  This case assigned to District Judge _Wright_  **DEFENDANT**
and to Magistrate Judge _Kearney_

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Thomas Willer, by and through his attorneys Joshua West, Dominique King and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Arkansas County Cooperative (collectively referred to as "Defendants"), and in support thereof, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff proper overtime compensation under the FLSA and under the AMWA for the hours in excess of forty hours in a single week that he was made to work.

## II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

4. Plaintiff's claims under the AMWA form part of the same case, and rely on the same facts, as the FLSA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

## III. PARTIES

6. Plaintiff is a resident and citizen of Ethel, Arkansas.

7. Defendant Arkansas County Cooperative, is an Arkansas cooperative

8. Defendant can be served through its registered agent for service of process: Angelia Reinhart, 200 North Maple Street, Almyra, Arkansas 72003.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth herein.

9. Plaintiff worked for Defendant as a fuel delivery driver.

10. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods.

11. Defendant's annual gross revenues exceeded $500,000.00 for each of the four years preceding the filing of the Original Complaint.

12. At all relevant times, Defendant had two or more employees engaged in interstate commerce or handling or otherwise working on goods or materials that have been moved in or produced for interstate commerce by others, including but not limited to fuel trucks and fuel.

13. At all relevant times, Defendant employed at least four employees.

14. At all times relevant Defendant classified Plaintiff as exempt from overtime wages and paid Plaintiff a salary.

15. Willer's dates of employment include from November of 2014 through September 12, 2016.

16. Plaintiff's job was always to drive a fuel delivery truck.

17. During the relevant time, Plaintiff regularly drove to, and picked up fuel in, Little Rock.

17. Plaintiff regularly worked more than forty hours per week, up to as many as 72 hours per week.

18. Plaintiff did not receive overtime premium compensation for hours worked in excess of forty in a workweek.

19. Defendant knew or should have known of its obligation to pay overtime to employees at all relevant times.

20. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

## V. COUNT ONE: VIOLATION OF THE FLSA

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

22. 29 U.S.C. § 207 requires any enterprise engaged in commerce to pay all employees one and one-half times their regular hourly wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

23. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

24. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

25. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

26. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including a reasonable attorney's fee as provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of this Complaint.

## VI. COUNT TWO: VIOLATION OF THE AMWA

27. Plaintiff re-alleges and repeats all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

28. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

29. At all relevant times, Defendant was an "employer" of Plaintiff within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

30. Defendant, at all times relevant hereto, classified Plaintiff as exempt from the overtime requirements of the AMWA.

31. Defendant required Plaintiff to work in excess of forty (40) hours each week but failed to pay Plaintiff overtime premium compensation for the hours in excess for forty (40) worked each week.

32. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

33. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Thomas Willer respectfully prays that Defendant Arkansas County Cooperative be summoned to appear and answer herein, and for orders as follows:

(A) Declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. 11-4-201 *et seq.*, and their implementing regulations;

(C) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. 11-

4-201 *et seq.*, and their attendant regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(D) An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

(E) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF THOMAS WILLER**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Joshua West
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

/s/ Dominique King
Dominique King
Ark. Bar No. 2015178
dominique@sanfordlawfirm.com

and /s/
Josh Sanford
Ark. Bar 2001037
josh@sanfordlawfirm.com